UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT 02-70204 |
| v. | JURY TRIAL DEMAND |
| ANCHOR WIPING CLOTH, INCORPORATED, | GEORGE CARAM STEEH |
| Defendants. | MAGISTRATE JUDGE MORGAN |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Pregnancy Discrimination Act, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Virginia Walker, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7, the Equal Employment Opportunity Commission alleges that Defendants terminated Walker's employment when it discovered that she was pregnant.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102

of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Anchor Wiping Cloth, Inc., (the "Employer"), has continuously been doing business in the State of Michigan and City of Detroit, and has continuously had at least 15 employees.

5. At all relevant times, Anchor Wiping Cloth, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Walker filed a Charge of Discrimination with the Commission alleging violations of Title VII by Anchor Wiping Cloth, Inc. All conditions precedent to the institution of this lawsuit respecting Anchor Wiping Cloth, Inc., have been fulfilled.

2

7. Since on or about February 18, 2000, Defendant Employer has engaged in unlawful employment practices at its Detroit, Michigan location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-(2) and the Pregnancy Discrimination Act. These practices include, but are not limited to, terminating Walker from her position as a Telemarketer/Sales Person because she was pregnant.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Walker of equal employment opportunities and otherwise affect her status as an employee because of her sex.

9. The unlawful employment practice(s) complained of in paragraph 7 above were intentional.

10. The unlawful employment practice(s) complained of in paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Walker.

11. The effect of the unlawful employment practice(s) complained of in paragraph 7 above caused Walker to experience emotional distress and a loss of enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Honorable Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against individuals based upon sex and pregnancy.

B. ORDER Defendant Employer to make whole Walker, by providing appropriate back

pay and other affirmative relief to eradicate the effect of its unlawful employment practices, including but not limited to, reinstating Walker to the position of Telemarketer/Sales Person at Defendant Employer, restoring her seniority and fringe benefits accordingly, and providing compensation for pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7.

C. ORDER Defendant Employer to provide training to its management employees regarding Title VII's prohibitions against discrimination.

D. ORDER Defendant Employers to make whole Walker, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7, including but not limited to, emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

E. ORDER Defendant Employer to pay punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F. GRANT such further relief as the court deems necessary and proper in the public interest.

G. AWARD the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

NICOLAS INZEO
Acting Deputy General Counsel

4

Dated: 1/17/02

*Adele Rapport*
ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

TAMMY C. KLEIN (P60256)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-5673